UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK ELLIOT, II, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:24-CV-01452 RHH |
| ST. CHARLES DEPT. OF CORR., et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

Self-represented plaintiff Mark Elliott, II, an inmate currently incarcerated at the St. Charles County Department of Corrections in St. Charles, Missouri, brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. [ECF No. 1]. This matter is before the Court upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 5]. Having reviewed the motion and financial information, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). For the reasons discussed below, the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Although plaintiff has submitted a document titled "Resident Transaction Details,"[1] he has failed to submit a copy of his certified prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

## The Complaint

Plaintiff Mark Elliot, II, who is currently incarcerated at the St. Charles County Department of Corrections in St. Charles, Missouri, filed the instant action alleging violations of his civil rights. [ECF No. 1]. He brings this action pursuant to 42 U.S.C. § 1983. Plaintiff names the St. Charles Department of Corrections and the St. Charles County Court as defendants. He sues defendants in their official capacities only.

Plaintiff alleges that the St. Charles County Circuit Court denied him a public defender for a short period of time after he was first charged with a criminal offense. He unfortunately fails to state what offense he was charged with. He also complains that he was held on "excessive cash only bond" for a year. However, again, the Court is unable to assess whether his bond is excessive

---

[1] The document provided by plaintiff fails to show any deposits to his prison account, nor does it show an average monthly balance. Rather, the "Resident Account Statement" provided by plaintiff reflects only debts to his *commissary fund* at the St. Charles County Department of Corrections made over the course of a six-month time period.

2

because he fails to state the crime for which he was charged. Plaintiff also complains that the St. Charles County Court has denied him a speedy trial. However, he has not attached to his complaint information relative to his alleged request for speedy trial in the St. Charles County Circuit Court.

Next, plaintiff states that the St. Charles County Department of Corrections purportedly denied him a disciplinary hearing after he grieved an incident for which he was accused. Plaintiff does not state in his complaint exactly what he was accused of, although he has attached to his complaint a document titled "Notice of Charges" showing that he was accused of carving out sections of the wall in his cell. He states in his complaint that "there was no evidence [provided] against [him]." Plaintiff does not indicate how he was allegedly punished after the disciplinary hearing, if he was punished at all.

Last, plaintiff states that his property was thrown away by unnamed persons at the Department of Corrections. He does not state when this occurred.

For relief in this action plaintiff seeks to have his state criminal cases dismissed. Alternatively, plaintiff seeks a change of venue to St. Louis County Circuit Court.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Plaintiff is a self-represented litigant currently incarcerated at St. Charles County Department of Corrections who brings this civil action pursuant to 42 U.S.C. § 1983. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss plaintiff's complaint.

First, plaintiff's claims against the St. Charles County Department of Corrections are subject to dismissal because the Department of Corrections, a Jail, is not a legal entity amenable to suit. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty.*

4

*Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Although plaintiff asserts that he is suing the Department of Corrections in its "official capacity," he has not indicated an unconstitutional policy or custom of the Department of Corrections or St. Charles, Missouri, under which he is suing. A political subdivision generally cannot be held vicariously liable under 42 U.S.C. § 1983 for unconstitutional acts performed by its employees. *See Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A political subdivision can only be held liable under § 1983 if a constitutional violation resulted from an official policy, custom, or a deliberately indifferent failure to train or supervise. *Id.*; *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same.

Here, plaintiff's facts do not point to the existence of any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [a St. Charles, Missouri] governing body" as being at issue in this case. *See Angarita v. St. Louis Cty.,* 981 F.2d 1537, 1546 (8th Cir. 1992). He does not claim that a specific staff member's actions at the Department of Corrections were the result of "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *See Corwin v. City of Independence, Mo.,* 829 F.3d 695, 700 (8th Cir. 2016). Plaintiff also has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" St. Charles, Missouri's employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct, as he only alleges one particular incident on a specific date. *See Johnson v. Douglas Cty. Med. Dep't,* 725 F.3d 825, 828 (8th Cir. 2013). Additionally, he has not

demonstrated that the Department of Corrections was deliberately indifferent in failing to train or supervise its employees. That is, he has not shown that St. Charles, Missouri, or the Department of Corrections "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.,* 397 F.3d 1118, 1122 (8th Cir. 2005). For these reasons, plaintiff has failed to state a claim against either the Department of Corrections or St. Charles, Missouri. *See Ulrich v. Pope Cty.,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).[2]

Additionally, as to plaintiff's suggestion that an unknown officer at the Department of Corrections unconstitutionally deprived him of his property, the Court notes that to state a constitutional violation, plaintiff must demonstrate that there is no meaningful post-deprivation remedy. *See Clark v. Kansas City Missouri Sch. Dist.,* 375 F.3d 698, 702 (8th Cir. 2004) ("When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available"). Missouri provides

---

[2]Plaintiff alleges that he was denied due process by the St. Charles County Department of Corrections when he was accused of carving out a section of wall in his cell. To prevail on a Fourteenth Amendment due process claim, a plaintiff must first demonstrate that government action deprived him of life, liberty, or property. *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Life or property is not at issue in this case, so plaintiff must identify a liberty interest to sustain a due process claim. *See Phillips*, 320 F.3d at 847. A prisoner's liberty interest is in the nature of his confinement, not in the procedures by which the state believes it can best determine how he should be confined. *See Phillips*, 320 F.3d at 847. Prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To state a due process claim based on a liberty interest of avoiding administrative segregation, a prisoner must show that the segregation imposed "an atypical and significant hardship on him in relation to the ordinary incidents of prison life to demonstrate that his liberty interest was curtailed." *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). Plaintiff has failed to allege that he was subjected to disciplinary sanctions that imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. As such, he has not properly alleged a due process violation.

6

such an adequate post-deprivation remedy. *See Orebaugh v. Caspari,* 910 F.2d 526, 527 (8th Cir. 1990). Specifically, an individual claiming the right to possession of personal property may bring an action in replevin. Mo. R. Civ. P. 99.01. *See also Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir. 1985) (stating that plaintiff seeking return of personal property under 42 U.S.C. § 1983 failed to establish any violation of his constitutional rights because he could obtain adequate relief by filing a replevin action under Missouri law). As such, plaintiff cannot make a constitutional claim for loss of property in this Court.

Plaintiff's claims against the St. Charles County Circuit Court are actually claims against the State of Missouri, who is immune from suit under the Eleventh Amendment. *See Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987) (state courts as entities are not vulnerable to suits pursuant to 42 U.S.C. § 1983 because they are protected by Eleventh Amendment immunity); *see also Harris v. Missouri Court of Appeals, Western Dist.,* 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"). Given this immunity, plaintiff's claims against the Circuit Court of Marion County are subject to dismissal.[3]

---

[3] Plaintiff alleges that the Circuit Court failed to assign him a Missouri Public Defender in a timely manner. Missouri law provides that it is the Missouri Public Defender's Office, not the court, who makes the initial indigency determination upon receiving an application for services from the accused. *See* Mo. Rev. Stat. § 600.086.3 (providing "[t]he determination of indigency of any person seeking the services of the state public defender system shall be made by the defender" after a person claiming such indigency files with the court an affidavit containing the factual information necessary to determine indigency (emphasis added)); *see also State v. Woolery*, 687 S.W.3d 652, 663 (Mo. Banc 2024). A defendant who claims indigency and would like counsel to be appointed must first apply to the public defender for representation via an affidavit filed with the court. The public defender then determines whether the defendant is indigent. It is only after the public defender makes that indigency determination, and such a showing is made to the circuit court, that the court's duty to appoint counsel under Missouri Supreme Court Rule 31.02(a) is triggered. If the defendant has not yet been determined indigent by the public defender at the time of the initial appearance, then he is not – or, at least, not yet – entitled to the appointment of counsel under the language of Rule 31.02(a).

7

Last, the Court will also address plaintiff's claims for speedy trial and excessive bond. The Sixth Amendment provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by and impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. Amend. VI. Additionally, the Missouri Speedy Trial Act provides that "[i]f defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter." Mo. Rev. Stat. § 545.780(1). The statute provides that the remedy for a defendant who is not tried "as soon as reasonably possible is to seek mandamus." *Id*. at § 545.780.2. Plaintiff has not alleged that he filed a state petition for writ of mandamus. Additionally, Missouri law provides at least two other avenues for a pretrial detainee to challenge unconstitutional conduct: filing a declaratory action or filing a state petition for habeas corpus. *See Wayne v. Mo. Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). Plaintiff has not indicated he pursued either of these actions. The Court therefore denies plaintiff's § 1983 action seeking injunctive relief for purported speedy trial violations.[4]

Plaintiff alleges that the defendants have violated his constitutional rights by keeping him incarcerated for approximately a year with an excessive cash bond. Federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). Due to this reluctance to interfere, and in the interest of comity between state and federal courts, a plaintiff is required to exhaust state remedies before seeking federal court relief. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.

---

[4]As noted above, plaintiff has not alleged when he asserted his right to a speedy trial or in what purported state court criminal action. If, after exhausting state court remedies as outlined in *Wayne v. Mo. Bd. of Prob. and Parole,* 83 F.3d 994, 996-97 (8th Cir. 1996), plaintiff has still not resolved his speedy trial issues, he may filed a habeas corpus action brought pursuant to 28 U.S.C. § 2241.

8

1979). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Plaintiff has not indicated he exhausted his state court issues relating to his bond argument. And he has not established any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances). Thus, this Court declines plaintiff's request to rule upon the constitutionality of his bond issues before the matter has been dealt with in Missouri state court. As such, plaintiff's excessive bond claim will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 5] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE